**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BARNABAS AGOR,** | ) | |
| **Plaintiff,** | ) | **C.A. No. 1:20-cv-206** |
| | ) | |
| **v.** | ) | |
| | ) | **RE: ECF No. 30** |
| **U.S. DEPARTMENT OF EDUCATION,** | ) | |
| **Defendant.** | ) | |

# MEMORANDUM OPINION

U.S. D.J. Susan Paradise Baxter

Pending before this Court is Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment, in response to the Second Amended Complaint. ECF No. 30.

## I.   RELEVANT PROCEDURAL HISTORY

Plaintiff Barnabas Agor seeks review of an agency decision denying the discharge of a student loan. He alleges that the student loan in question was fraudulently obtained by someone other than himself. The only Defendant to this action is the U.S. Department of Education.[1]

Defendant moves to dismiss or for summary judgment [ECF No. 30] and Plaintiff has filed a short brief in opposition [ECF No. 32]. The motion has been fully briefed and is ripe for disposition by this Court.

## II.   THE SCOPE OF JUDICIAL REVIEW OF AN AGENCY DECISION

In the context of reviewing an agency decision, the "usual summary judgment standard does

---

[1] Other Defendants named in the original complaint have been voluntarily dismissed.

not apply in the sense that the district court does not need to determine whether there are disputed facts to resolve at trial since the administrative agency is the finder of fact." *Sanofi-Aventis U.S., LLC v. U.S. Dep't of Health & Hum. Servs.,* 2021 WL 5150464, at *12 (D.N.J. Nov. 5, 2021) *quoting Neto v. Thompson*, 506 F.Supp.3d 239, 244 (D.N.J. 2020).

"A district court's review of an administrative decision is usually limited to determining whether the agency action is arbitrary, capricious, an abuse of discretion, or otherwise not in accord with law." *United States v. Bean*, 537 U.S. 71, 77 (2002) *quoting* 5 U.S.C. § 706(a)(A). This standard "presumes that agency decisions are valid as long as the decision is supported by a rational basis." *Pozzie v. United States Dep't of Hous. And Urban Dev.*, 48 F.3d 1026, 1029 (7th Cir. 1995); *Gorka v. United States Dep't of Educ.*, 2004 WL 2658071, at *3 (N.D. Ill. 2004). "The arbitrary or capricious standard is the least demanding form of judicial review of administrative action. When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Drake v. U.S. Dep't of Educ.*, 2015 WL 667611, at *2 (S.D. Miss. Feb. 17, 2015) *quoting Davis ex rel. Farmers Bank & Capital Trust Co. of Frankfort, Ky. v. Ky. Fin. Cos. Ret. Plan,* 887 F.2d 689, 693 (6th Cir.1989).

## III. THE ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff Barnabas Agor alleges that James Nosant, who is not a party to this litigation, fraudulently entered into a contract with the U.S. Department of Education for a student loan. Mr. Nosant used Plaintiff's name, personal information, and electronic signature on the loan application as the borrower (as the Parent of an Undergraduate Student). The application was made in June 2009 in the name of Mr. Agor without his consent, approval, or signature. ECF No. 20, ¶¶ 4-5, 20.

Plaintiff alleges that he became aware of this loan in February 2014 after it was in default. *Id*. at ¶ 6. In March 2014, Plaintiff filed an Identity Theft Affidavit with the Internal Revenue Service and three months later, he filed a criminal complaint against James Nosant with the City of Erie Police Department. *Id*. at ¶ ¶ 11-12.

Plaintiff filed a Loan Discharge Application with the Department of Education explaining that someone falsified the application and used his information. Plaintiff indicated that he suspects the person who fraudulently obtained the loan was James Nosant who had been present in Plaintiff's home around the time of the application. *Id*. at ¶ 13.

The Department of Education informed Plaintiff that it needed additional documentation before it could make a determination on the discharge of the loan. Plaintiff claims that he provided the requested information. *Id*. at ¶ ¶ 14-15. By letter dated July 17, 2019, the Department of Education advised Plaintiff that his request for discharge of the loan was being denied. *Id*. at ¶ 16. This letter also instructs that if the recipient disagrees with this decision, he may file a lawsuit in U.S. Federal District Court. ECF No. 20-11.

Thereafter, Plaintiff filed the instant action. In his Amended Complaint, Plaintiff brings suit under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*. ECF No. 20. Plaintiff alleges that the decision of the Department of Education was arbitrary, capricious, and an abuse of discretion and seeks review of that decision by this Court. [2]

---

[2] In addition to seeking review of the agency decision, Plaintiff seeks 1) reimbursement of a 2019 tax refund that was seized and applied to the defaulted loan obligation, 2) refund of any future garnished tax refunds, and 3) discharge of any future obligation on this loan. ECF No. 20, page 4. However, such injunctive relief against the Department of Education is precluded by sovereign immunity and the Higher Education Act. *See* 20 U.S.C. § 1082(a)(2). Plaintiff's request for relief in this regard will be dismissed.

## IV.    THE ADMINISTRATIVE RECORD

In applying the appropriate standard of review, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Uddin v. Mayorkas*, 862 F.Supp.2d 391, 400 (E.D. Pa. 2012). Judicial review is limited to the administrative record, since "[i]t is black-letter administrative law that in an [APA] case, a reviewing court should have before it neither more nor less information than did the agency when it made its decision." *Sanofi-Aventis*, 2021 WL 5150464, at *12, *quoting CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014) *and citing* 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party.")

"As is typical in APA cases," the defendant-agency is "solely responsible for assembling and providing the administrative record." *AstraZeneca Pharms. LP v. Becerra*, 2022 WL 484587, at *1 n.2 (D.Del. 2022).  According to the Certification by Assistant General Counsel for the Department of Education, Attorney Brian Siegel, the Agor Administrative Record includes pages 1-82. *See* ECF No. 39-1.[3] Inexplicably, almost half of the official administrative record has been omitted from this filing; only pages 3-17, 19-28, 31-37, and 54-65 of the official administrative record are before this Court. Despite this Court's mention of the lack of a full administrative record[4], the Department of Education has not provided the full record.[5]

On this limited record, we proceed here.

---

[3] Attorney Siegel certifies that "the annexed documents (Numbered 1-82, Agor Administrative Record), are true copies of the Plaintiff Barnabas Agor's student loan records pertaining to the U.S. Department of Education's final agency decision dated July 17, 2019 maintained by Education in the regular course of business." ECF No. 31-9, page 1. Attached to Siegel's certification is a Table of Contents of the Agor Administrative Record. ECF No. 31-9, page 2.

[4] Minute entries for proceedings held via telephone on February 16, 2022 and March 1, 2022.

[5] Some of the missing records have been submitted by Plaintiff as exhibits attached to the Amended Complaint.

## V.     DISCUSSION

### A.  The Criminal Case against Nosant

The limited administrative record before this Court reveals Mr. Agor's attempts to free

himself of this allegedly fraudulently obtained loan. As part of those attempts, Mr. Agor filed a

police report complaining James Nosant stole and used his identity to obtain this student loan.

The administrative record reveals that an arrest warrant was issued for Nosant. ECF No. 31-8,

page 9 (Incident Data Sheet Report dated June 24, 2014). Plaintiff has provided a copy of the

same Report, but it includes an Affidavit of Probable Cause that states that Nosant:

> "is related to Mr. Agor through his ex-wife, Christina Ola, and James stayed at Mr.
> Agor's residence for a brief time in the past. Mr. Agor did speak with James and
> James did state that he used the information to get the loan."

ECF No. 20-8, page 3. Because the official Administrative Record is not complete, it is unclear

whether the Affidavit of Probable Cause was before the Department.

The parties do agree and the official Administrative Record reflects that two weeks later (on

July 7, 2014), Nosant turned himself in at the City of Erie Police Department. *See* ECF No. 31-8,

pages 10-12. Nosant was arrested and taken to Erie County Prison. *Id*. The record then goes

silent as to what happened to Mr. Nosant following his arrest.

### B.  Final Agency Decision

The July 17, 2019 denial of Mr. Agor's discharge request reads, in pertinent part:

> … the Department reviewed your request for loan discharge and determined that
> you do not qualify for discharge due to False Certification. The Department has
> concluded, based upon the preponderance of evidence, that the personal and
> electronic information on the loan document signed to obtain the loan(s) to attend
> Mercyhurst University are yours. This includes but is not limited to, your address
> and personal references.

ECF No. 20-11, page 1. Despite it being the decision upon which this Court must conduct its review, this document was not submitted to this Court by the Department of Education. Instead, it was attached as an exhibit to the Amended Complaint. Importantly, the Department does not dispute the document's authenticity or that the July 17th letter constitutes the Department's final decision. *See* ECF No. 31-9.[6]

### C. The Department's Arguments

Title 20 U.S.C. § 1087 provides that the Secretary of Education is required to discharge a loan made, insured, or guaranteed under the FFELP (Federal Family Education Loan Program) if the student's eligibility to borrow under this part was falsely certified as a result of a crime of identity theft. 20 U.S.C. § 1087(c)(1).

The final agency decision here specifically explains its denial was based on the "personal and electronic information on the loan document" being that of Mr. Agor based on, at least partially, the correct address and personal references. Because the address, social security information, and phone number used to obtain the loan were accurate, the Department reasons that Mr. Agor was the true applicant. This argument is inapposite. Identity theft "happens when someone else steals your personal information to commit fraud." *See* www.usa.gov/identity-theft. This is precisely what Mr. Agor claims happened here – Nosant stole Agor's credentials to apply for the loan.

Second, the Department argues that Mr. Agor benefitted from the loan proceeds because there is some familial relationship between Agor and Nosant as evidenced by Agor's statement

---

[6] The Table of Contents of the Agor Administrative Record (attached to Attorney Siegel's certification of the record) refers to the July 17, 2019 letter as "Education's **Final Agency Decision**." (emphasis added).

that Nosant lived at Agor's home for a time. The proposition that Agor personally benefitted from the loan because Nosant lived with him is tenuous, at best. Throughout the record, Nosant is identified as a relative by marriage, maybe a nephew, through Mr. Agor's now-former wife. There is no evidence that Mr. Agor benefitted. Moreover, the fact that Nosant lived with Agor arguably provided Nosant with the opportunity to use Mr. Agor's address and phone number, and steal his social security information and personal references.

Third, the Department argues that Mr. Agor has failed to provide documentation that he was the victim of identity theft. The Department specifically faults Agor's failure to "provide any information that he continued to pursue the criminal prosecution against Nosant, or that the prosecution resulted in a court verdict or judgment that determined he was the victim of identity theft." ECF No. 31, page 11. It is unclear what happened to the criminal case against Nosant.[7] It is possible and even plausible that a criminal case can end without a verdict or judgment (through no fault of the victim), thereby leaving the victim of the theft with no avenue for relief in a situation like that presented here.

Because the administrative record is incomplete thereby rendering the Department's final decision arbitrary and capricious based on the limited record, Defendant's motion for summary judgment will be denied and this matter will be remanded to the Department of Education for further review. An appropriate Order follows this Memorandum Opinion.

---

[7] This Court's discussions with counsel in status conferences indicate that even Nosant's criminal docket is ambiguous.